**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| CHARLENE HALL, individually and on behalf of all others similarly situated, | : : : | |
| Plaintiff, | : : | Case No. 1:25-cv-00238-ABA |
| v. | : : | |
| HEATHER HILL PROPERTY COMPANY LLC, HEATHER HILL OPERATING COMPANY LLC, and ONEWALL COMMUNITIES LLC, | : : : : | |
| Defendants. | : : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED PUTATIVE CLASS ACTION COMPLAINT

COZEN O'CONNOR
2001 M Street, NW, Suite 500
Washington, DC 20036

Hugh J. Marbury (Bar No. 24652)
Tel: (202) 747-0781
Fax: (202) 599-7715
hmarbury@cozen.com

Nicole H. Sprinzen (Bar No. 15900)
Tel: (202) 471-3451
Fax: (202) 499-2941
nsprinzen@cozen.com

Samantha Stratford (*admission pending*)
Tel: (202) 280-6488
Fax: (202) 640-5954
sstratford@cozen.com

Deanna Clayton (*admission pending*)
Tel: (202) 463-2526
Fax: (202) 742-2524
dclayton@cozen.com

# TABLE OF CONTENTS

Page

I.   PRELIMINARY STATEMENT ........................................................................ 3

II.  PROCEDURAL HISTORY.............................................................................. 4

III. ASSERTED FACTUAL BACKGROUND........................................................ 4

IV.  LEGAL STANDARD..................................................................................... 8

V.   ARGUMENT ................................................................................................. 8

    A.   Count I (CPA Violation) Must Be Dismissed As to the Rent Collection Allegations and Allegations Concerning Acts Allegedly Occurring During the Lease Term................................................................................................ 8

        1.   Rent Collection Allegations Must Be Dismissed Because Defendants Were Allowed to Collect Rent and Communicate About Rent Collection. ......................................................................... 8

        2.   Allegations Concerning Acts Allegedly Occurring During the Lease Term Must Be Dismissed Because Those Do Not Constitute CPA Violations................................................................. 11

    B.   Count II (Implied Warranty of Habitability) Must Be Dismissed Because Plaintiff Failed to Sufficiently Plead Notice, Opportunity To Repair, and Causation.................................................................................................... 12

    C.   Count III (CDCA Violation) Must Be Dismissed Because Defendant Operating Company Was Not Required to Hold a Debt Collector License to Collect Debts in its Own Name and Defendant Operating Company Was Not Prohibited From Rent Collection During Periods of Tenant Complaints. .................................................................................................. 13

    D.   Count IV (Negligence) Must Be Dismissed Because Plaintiff Has Failed to Sufficiently Plead Notice, Opportunity to Cure, and Proximate Cause, and Plaintiff's Negligence Claim is Barred as Duplicative of Her Contract Claim.......................................................................................................... 17

    E.   Plaintiff's Relief Requests Cannot Stand............................................ 19

VI.  CONCLUSION.............................................................................................. 20

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aleti v. Metro. Balt., LLC,*
   479 Md. 696 (2022) .........................................................................................10, 11

*Armstead v. Feldman,*
   No. CV TDC-19-0614, 2020 WL 4753837 (D. Md. Aug. 17, 2020) ....................................16

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009)...............................................................................................8

*Assanah-Carroll v. Law Offices of Edward J. Maher, P.C., et al.,*
   480 Md. 394 (2022) ........................................................................................9, 10, 11

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007)...........................................................................................18, 19

*CitaraManis v. Hallowell,*
   328 Md. 142 (1992) ...............................................................................................11

*Consumer Protection Division v. Heather Hill Property Company LLC, et al.,*
   OAH Case No. OAG-CPD-04-24-32455 ...................................................................7

*Davis v. Regency Lane, LLC,*
   249 Md. App. 187 (2021) .........................................................................................18

*Exxon Mobil Corp. v. Albright,*
   433 Md. 303 (2013) ................................................................................................20

*Hart v. Pac. Rehab of Maryland, P.A.,*
   No. CV ELH-12-2608, 2013 WL 5212309 (D. Md. Sept. 13, 2013) ....................................16

*Hoffman v. United Iron & Metal Co.,*
   108 Md. App. 117 (1996) .........................................................................................20

*McDaniel v. Baranowski,*
   419 Md. 560 (2011) ................................................................................................10

*Mesmer v. Maryland Auto. Ins. Fund,*
   353 Md. 241 (1999) ................................................................................................19

*Mitchell v. Brock & Scott, PLLC,*
   No. 19-CV-02225-LKG, 2022 WL 3290710 (D. Md. Aug. 11, 2022)...................................16

*Old Republic Ins. Co. v. Gordon*,
228 Md. App. 1 (2016) ...............................................................................14, 15

*Owens-Illinois, Inc. v. Zenobia*,
325 Md. 420 (1992) ...........................................................................................20

*Ramsay v. Sawyer Prop. Mgmt. of Maryland, LLC*,
938 F. Supp. 2d 525 (D. Md. 2013) ............................................................15, 16

*Richwind Joint Venture 4 v. Brunson*,
335 Md. 661 (1994) .....................................................................................12, 17

*Russell v. Russel Motor Cars Inc.*,
28 F. Supp. 3d 414 (D. Md. 2014) ...................................................................4, 8

*United States ex rel. Sheldon v. Forest Lab'ys, LLC*,
No. CV ELH-14-2535, 2024 WL 4544567 (D. Md. Oct. 22, 2024)............8, 13, 18

*Ward v. AutoZoners, LLC*,
958 F.3d 254 (4th Cir. 2020) ...............................................................................7

*Worden v. 3203 Farmington LLC*,
No. 1373, Sept. Term, 2021, 2023 WL 4945171 (Md. Ct. Spec. App. Aug. 3,
2023) ..................................................................................................................19

*Young-Bey v. S. Mgmt. Corp., Inc.*,
No. CV TDC-18-2331, 2018 WL 4922349 (D. Md. Oct. 10, 2018) ...................15

*Zambali v. Shulman Rogers, P.A.*,
No. CV SAG-23-03194, 2024 WL 3161590 (D. Md. June 25, 2024)...................11

**Statutes**

Baltimore City Code, Art. 13 § 5-4(a)(2) ..................................................................9, 10

Fed. R. Civ. P. 12(b)(6).....................................................................................................8

Md. Code Ann., Com. Law § 14-202(8) ..........................................................................17

Md. Code Ann., Real Prop. § 8-211 ...........................................................................12, 17

Md. Code Ann., Real Prop. § 8-212 .................................................................................13

Md. Code Bus. Reg. § 7-101(c)(1)(i)................................................................................14

Md. Code Bus. Reg. § 7-301(a) ........................................................................................14

Prince George's County Code § 13-181(a)....................................................................9, 10

I.        **<u>PRELIMINARY STATEMENT</u>**

Plaintiff's Amended Complaint still fails to state sufficient facts to establish the claims alleged therein on behalf of Plaintiff or on behalf of purported class members, or attempts to state claims that are not cognizable under Maryland law.  As such, the majority of Plaintiff's claims must be dismissed for failure to state a claim.

**Count I** is subject to partial dismissal because it alleges, *inter alia*, violations of the Maryland Consumer Protection Act ("CPA") based solely on rent collection and other acts allegedly occurring *during* the lease term, but such post-contract allegations cannot constitute CPA violations under Maryland Law.  **Count II**, for breach of implied warranty of habitability, fails because Plaintiff has not alleged facts sufficient to state the required elements of such a claim, including notice to Defendants regarding the alleged maintenance conditions, an opportunity to cure those alleged conditions, and the cause of those alleged conditions.  **Count III** cannot stand because it alleges violations of the Maryland Consumer Debt Collection Act ("CDCA"), asserting that Defendant Operating Company was not properly licensed; however per her own Amended Complaint allegations, Defendant Operating Company was not required to have a debt collection license as it was only collecting debts in its own name and it was not prohibited from charging rent during periods of alleged uninhabitable conditions.  **Count IV**, alleging a claim for negligence, must be dismissed because Plaintiff, as with her habitability claim, failed to plead sufficient facts regarding the requisite notice, opportunity to cure, and proximate cause elements.  Plaintiff's negligence claim also fails because she cannot pursue a tort claim premised on allegations identical to her breach of contract claim.  Accordingly, Defendants' Motion to Dismiss should be granted.

## II.    PROCEDURAL HISTORY

Plaintiff Charlene Hall ("Plaintiff") filed a class action against Defendants Heather Hill Property Company LLC ("Defendant Property Company"), Heather Hill Operating Company LLC ("Defendant Operating Company"), and OneWall Communities LLC ("Defendant OneWall") (collectively, "Defendants") in Maryland state court.  Because there was complete diversity between the parties, Defendants removed the action to federal court and thereafter filed a motion to dismiss.  *See* Dkt. 11.  In response to Defendants' initial Motion to Dismiss, filed on February 3, 2025, Plaintiff filed an Amended Complaint pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure (the "Amended Complaint" or "Amend. Compl.").  *See* Dkt. 14.  Defendants' instant Motion to Dismiss responds to Plaintiff's Amended Complaint.

## III.    ASSERTED FACTUAL BACKGROUND[1]

In her Amended Complaint, Plaintiff alleges she is a tenant in an apartment complex located in Prince George's County, Maryland, commonly known as Heather Hill by OneWall ("Heather Hill by OneWall").  Amend. Compl. ¶ 9.  Plaintiff further alleges that Defendant Property Company is the "owner" of Heather Hill by OneWall; that Defendant Operating Company is the "master lessee and property manager" of Heather Hill by OneWall; and that Defendant OneWall "is the parent company" of Defendants Property Company and Operating Company and "directs and controls" both.  *Id.* ¶¶ 10-12.  Plaintiff asserts that "Defendants operate as a joint enterprise with respect to the operations of Heather Hill," contending that "all

---

[1] This Motion to Dismiss assumes the truth of the factual allegations contained in the Complaint, as is required on a motion to dismiss.  *See Russell v. Russel Motor Cars Inc.*, 28 F. Supp. 3d 414, 418 (D. Md. 2014).  Defendants in no way concede or confirm the accuracy of any factual allegations in the Complaint via this Motion to Dismiss, whether such allegations are addressed in this Motion or not, and in fact dispute them.

three entities share officers and resources," and that this "integrated structure makes each Defendant liable for the acts of the others in operating Heather Hill." *Id.* ¶¶ 13-14.

Plaintiff alleges that between April 2022 and January 13, 2025, Defendants "engaged in a common scheme to operate Heather Hill Apartments without required licensing." *Id.* ¶ 15. Specifically, Plaintiff alleges that Defendants lacked the requisite multi-family dwelling license required by Prince George's County Code § 13-186(b) for approximately 25 months, from April 2022 to May 7, 2024, and again from August 5, 2024 to January 13, 2025. *Id.* ¶¶ 18-19, 21-22. On January 13, 2025, Plaintiff concedes that Defendant Property Company obtained a multi-family dwelling license. *Id.* ¶ 23. Plaintiff alleges that during the purported unlicensed periods, Defendants advertised apartments, entered into new lease agreements, renewed existing leases, collected rent and other fees, and filed over 130 failure-to-pay rent actions against tenants. *Id.* ¶¶ 20, 23.

Plaintiff also alleges widespread habitability issues at Heather Hill by OneWall. *Id.* ¶¶ 24-33. Plaintiff asserts that there are "water and sewage problems, pest infestations, health and safety violations, a pattern of failed maintenance, and severe health impacts on tenants caused by black mold and other unsanitary conditions." *Id.* ¶ 24. Plaintiff then lists various tenants allegedly impacted by those issues, but those tenants are not named plaintiffs in the Amended Complaint. *Id.* ¶¶ 25-28, 30. Plaintiff further contends that Defendants Property Company and Operating Company "have established a pattern of failing to properly address maintenance issues," including, closing "maintenance tickets without completing repairs," sending "unqualified staff to address complex repairs that require licensed professionals," making "temporary patches rather than permanent repairs," and ignoring "follow-up requests made by tenants." *Id.* ¶ 31.

As to her specific alleged habitability issues, Plaintiff asserts that her apartment suffers from "structural issues," including "improperly installed flooring," "defective interior doors," "broken patio doors," and "missing fire extinguishers." *Id.* ¶ 38.  Plaintiff further alleges that she has "persistent water damage and mold issues," that her apartment lacks "essential services" such as heat and hot water, and that her apartment lacks functioning appliances, including an oven, refrigerator, washing machine, and kitchen lights. *Id.* ¶¶ 39-40.  Plaintiff also alleges that her apartment has been "plagued by pest infestations." *Id.* ¶ 41.  Plaintiff contends that her alleged habitability issues have caused her to "suffer serious health issues." *Id.* ¶¶ 42-43.  Additionally, Plaintiff alleges that "[d]espite hundreds of maintenance requests," Defendants Property Company and Operating Company "have failed to properly address" her alleged issues, that they "persistently ignore or delay responses to [Plaintiff's] maintenance tickets," "provided misleading information to [Plaintiff] about the causes of certain problems," and "engaged in retaliatory conduct against [Plaintiff] with baseless lease violation citations." *Id.* ¶ 44.  Plaintiff asserts that when Defendants Property Company and/or Operating Company did respond to her complaints, "their actions were inadequate." *Id.* ¶ 45.  Plaintiff contends that Defendants Property Company and Operating Company "painted over the black mold instead of remediating it, they refused to open walls to address the water leaks, and they made superficial repairs that failed to resolve issues." *Id.*

In the midst of her habitability claims, Plaintiff alleges facts related to a recent public enforcement action by the Maryland Attorney General ("AG") against Defendants. *Id.* ¶¶ 34-36. Plaintiff asserts that the AG filed a Statement of Charges against Defendants, "alleging claims for similar widespread habitability issues at Heather Hill." *Id.* ¶ 34.  Plaintiff further states that the Maryland state court has "entered a preliminary injunction against Defendants, requiring that

Defendants, among other things, cease and desist collecting rent or any other fees from tenants during unlicensed periods." *Id.* ¶ 36.[2]

Plaintiff asserts claims for violations of the CPA and CDCA. *Id.* ¶¶ 52-62, 73-82. In her CPA claim (Count I), Plaintiff alleges, *inter alia*, that Defendant Operating Company "collected rent and fees during periods when they had no legal authority to do so," and that Defendants Operating Company and Property Company "made false and misleading statements about their right to collect rent and impose late fees while operating without valid licensing." *Id.* ¶ 56. Plaintiff also alleges CPA violations stemming from purported actions taken by Defendants Operating Company and Property Company during Plaintiff's lease term, including, *inter alia*, "refusing to make necessary repairs" and "maintaining deplorable conditions." *Id.* ¶ 57.

In her CDCA claim, asserted only against Defendant Operating Company, Plaintiff alleges that Defendant Operating Company violated the CDCA by engaging in unlicensed debt collection, namely, by collecting rent and fees during unlicensed periods and during periods when Defendant Operating Company knew that the property was uninhabitable. *Id.* ¶¶ 74, 77. Plaintiff further alleges claims for breach of implied warranty of habitability, negligence, breach of contract, and, alternatively, unjust enrichment. *Id.* ¶¶ 63-72, 83-113. Plaintiff seeks, *inter*

---

[2] Plaintiff's Amended Complaint virtually mirrors the allegations made in the AG's Statement of Charges. *See Consumer Protection Division v. Heather Hill Property Company LLC, et al.*, OAH Case No. OAG-CPD-04-24-32455. Plaintiff's Amended Complaint also seeks nearly identical relief as the AG's Statement of Charges. Moreover, the case filed by the AG seeks restitution on behalf of tenants, which would, on the basis of the facts alleged by Plaintiff in this case, cover her claims. As such, maintaining this case risks affording Plaintiff and the purported class members an impermissible double recovery. *Cf. Ward v. AutoZoners, LLC*, 958 F.3d 254, 271 (4th Cir. 2020) ("A 'widely accepted prohibition on duplicative damages' exists. . . . A plaintiff, then, 'may not receive a double recovery under different legal theories for the same injury.'") (internal citation omitted).

*alia*, declaratory relief, compensatory damages, punitive damages, and a permanent injunction. *Id.* at p. 23-24.

## IV.    LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must be dismissed if it fails to state a claim upon which relief can be granted.  Although, "[w]hen ruling on such a motion, the Court must 'accept the well-pled allegations of the complaint as true,' and 'construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff,'" a plaintiff must still allege facts sufficient to state a claim.  *Russell v. Russel Motor Cars Inc.*, 28 F. Supp. 3d 414, 418 (D. Md. 2014).  Where allegations "are no more than conclusions, [they] are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Additionally, "mere 'naked assertions' of wrongdoing'" are insufficient to state a claim for relief.  *United States ex rel. Sheldon v. Forest Lab'ys, LLC*, No. CV ELH-14-2535, 2024 WL 4544567, at *15 (D. Md. Oct. 22, 2024).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678.  Here, Plaintiff has failed to meet her burden with respect to Count I (in part) (CPA Violation), Count II (Breach of Implied Warranty of Habitability), Count III (CDCA Violation), and Count IV (Negligence).

## V.    ARGUMENT

**A.    Count I (CPA Violation) Must Be Dismissed As to the Rent Collection Allegations and Allegations Concerning Acts Allegedly Occurring During the Lease Term.**

   *1.    Rent Collection Allegations Must Be Dismissed Because Defendants Were Allowed to Collect Rent and Communicate About Rent Collection.*

In part, Plaintiff's CPA claim seeks to hold Defendants liable for allegedly collecting rent during unlicensed periods and making statements about their right to collect rent during

unlicensed periods. *See* Compl. ¶ 56 (alleging Defendant Operating Company violated the CPA when it "collected rent and fees during periods when they had no legal authority to do so," and alleging Defendants Operating Company and Property Company violated the CPA when they "made false and misleading statements about their right to collect rent and impose late fees while operating without valid licensing."). However, such allegations are insufficient to state a CPA claim under Maryland law.

The Maryland Supreme Court (formerly the Maryland Court of Appeals), in the case of *Assanah-Carroll v. Law Offices of Edward J. Maher, P.C.*, *et al*., 480 Md. 394 (2022), held that a landlord "may not utilize the courts" to collect unpaid rent without the requisite license in analyzing the Baltimore City Code. *Id.* at 440 (emphasis added). As an initial matter, the Baltimore City Code is not at issue in this case like it was in *Assanah-Carroll*; Plaintiff alleges throughout her pleadings that the Prince George's County Code applies. *See, e.g.*, Amend. Compl. ¶¶ 2, 18. The Prince George's County Code only vaguely restricts "operat[ion]" of a rental property without a license whereas the Baltimore County Code explicitly prohibits the "collect[ion] of any rental payment" while the property is unlicensed. *Compare* Baltimore City Code, Art. 13 § 5-4(a)(2) (providing that "no person may . . . charge, accept, retain, or seek to collect any rental payment or other compensation for providing to another the occupancy of all or any part of any rental dwelling unless the person was licensed") *with* Prince George's County Code § 13-181(a) ("No person shall conduct or operate or cause to be operated either as owner, lessee, agent, or in any other capacity within the County any single-family rental facility or any multifamily rental facility . . . without having first obtained a license as provided in this

Division").[3]  Because the Prince George's County Code is less restrictive than the Baltimore City Code by its very terms, the Baltimore City Code's explicit restriction against rent collection while unlicensed is inapplicable.

In any event, in the *Assanah-Carroll* case, the Court distinguished the filing of suit to collect unpaid rent while unlicensed from the demand or receipt of rent while unlicensed, and held that voluntary payment of rent during an unlicensed period does not constitute a violation of the CPA.  *Assanah-Carroll*, 480 Md. at 441.  In preventing landlords from engaging in litigation to collect rent, the Court did not prohibit all rent collection activity for unlicensed periods as a violation of the CPA.  *Id.*

The Maryland Supreme Court has recognized the limitation of the *Assanah-Carroll* decision and that its holding pertained only to certain types of collection efforts, specifically, court actions; it did not prohibit rent communications or collection of rent short of court action. The same day that *Assanah-Carroll* was decided, the Maryland Supreme Court decided *Aleti*, which reinforced the limited reach of *Assanah-Carroll*.  In *Aleti v. Metro. Balt., LLC*, 479 Md. 696 (2022), the Maryland Supreme Court held that "the intent of the rental license law is to force compliance with the obligation to become licensed, not to provide tenants with rent-free housing in unlicensed dwellings."  *Id.* at 742.  The *Aleti* Court held that "a tenant may not recover rent voluntarily paid to an unlicensed landlord due solely to the lack of a license."  *Id.* at 743; *see McDaniel v. Baranowski*, 419 Md. 560, 587 (2011) (explaining there can be no liability under

---

[3] While the Court in *Assanah-Carroll*, 480 Md. at 440, commented that its "holdings . . . are not dependent on the specific language [of Baltimore City Code] § 5-4(a)(2)," the only provision before the Court in that case was the Baltimore City Code, not the Prince George's County Code applicable here.  Thus, an expansion of the Court's holding beyond the provision before it constitutes dicta.

the CPA solely on the basis for "rent paid for premises that were not licensed as required by a local housing code") (citing *CitaraManis v. Hallowell*, 328 Md. 142 (1992)).

Two terms later, this Court harmonized the holdings of *Assanah-Carroll* and *Aleti*. In *Zambali v. Shulman Rogers, P.A.*, No. CV SAG-23-03194, 2024 WL 3161590, at *6 (D. Md. June 25, 2024), Judge Gallagher explained:

> During an unlicensed period, tenants may continue to make voluntary payments and tenants cannot recover these payments from the landlord. Nothing prevents a landlord from asking tenants to make voluntary payments during an unlicensed period, but if the tenants refuse to pay, the landlord cannot use the Maryland courts to force the payments to be made.

Despite this clear guidance, Plaintiff alleges CPA violations solely for, and on the basis of, rent collection during unlicensed periods and for Defendants Operating and Property Company's statements regarding their ability to collect rent during unlicensed periods. *See* Amend. Compl. ¶ 56. Indeed, Plaintiff fails to allege that either she or a single putative class member were the subjects of court action against them by any Defendant in an effort to collect rent from them (or for any reason). As this Court held in *Zambali*, landlords may ask tenants to make rent payments and tenants may make rent payments during unlicensed periods. 2024 WL 3161590, at *6. *Assanah-Carroll* only prevents landlords from using the courts to collect rent during unlicensed periods. 480 Md. at 440. Thus, Plaintiff's CPA allegations focused only on rent collection and Defendants making statements seeking rent payments while unlicensed must be dismissed as they do not state a CPA claim.

2.     *Allegations Concerning Acts Allegedly Occurring During the Lease Term Must Be Dismissed Because Those Do Not Constitute CPA Violations.*

As a basis for Count I, Plaintiff also improperly relies on a list of alleged grievances regarding Defendants' acts allegedly occurring during the term of Plaintiff's lease, including licensing violations during the lease term, refusing to make repairs or maintain appropriate

conditions during the lease term, and filing court actions during the lease term without authority.

*See* Amend. Compl. ¶ 57.  The Supreme Court of Maryland held in *Richwind Joint Venture 4 v. Brunson*, that "[a] landlord's acts or omissions during the term of the lease are fully regulated by comprehensive landlord and tenant statutes as well as the common law," not the CPA.  335 Md. 661, 683 (1994).  The Court explained, "[t]he CPA applies to a lease *at the time the consumer enters into it*," and concluded that the legislature did not "intend[] the CPA to be applicable to statements or omissions concerning the leased premises *occurring during the term of the lease.*" *Id.* at 683-84 (emphasis added).  Thus, the allegations in Count I concerning acts during Plaintiff's lease term must be dismissed as they are not within the scope of the CPA but rather are "fully regulated" by both Prince George's County's landlord tenant statutes and common law.  *Id.* at 683.

> ### B. Count II (Implied Warranty of Habitability) Must Be Dismissed Because Plaintiff Failed to Sufficiently Plead Notice, Opportunity To Repair, and Causation.

Plaintiff's implied habitability count fails because she has not adequately alleged notice or a reasonable opportunity for Defendants to repair the alleged defects.  *Richwind*, 335 Md. at 673.  The statute imposing the habitability duty unambiguously requires both notice and opportunity to repair.  *See* Md. Code Ann., Real Prop. § 8-211(f)(1) (explaining, "the tenant shall notify the landlord of the existence of the defects or conditions" and providing ways in which notice may be given, including "actual notice") and (g)(1) ("The landlord has a reasonable time after receipt of notice in which to make the repairs or correct the conditions.").  While Plaintiff alleges that Defendants had "actual notice" and "failed to repair" the conditions within a reasonable time, *see* Amend. Compl. ¶¶ 69-70, her allegations lack any specific facts demonstrating when the notice was given, to whom it was given, how it was given, where it was given, and/or what was said.  Similarly, Plaintiff has failed to allege the length of time following

the alleged notice within which Defendants supposedly failed to correct the condition.  The Amended Complaint also fails to allege that after giving Defendants notice of maintenance issues in her unit, Plaintiff provided access to her unit to address those issues.  Without those specifics, Plaintiff's allegations are insufficient to state a claim for breach of implied warranty of habitability.  *See Forest Lab'ys, LLC*, No. CV ELH-14-2535, 2024 WL 4544567, at *15, *30 (explaining that the relator's allegations, taken as true, were insufficient to plead the requisite scienter requirement under the False Claims Act).

Additionally, some of Plaintiff's allegations do not even come close to alleging that Defendants were the cause.  For instance, Plaintiff points to structural habitability issues, including "broken patio doors."  Amend. Compl. ¶ 38.  However, on such issues, it appears more likely that Plaintiff may have caused the alleged issue, rendering Defendants not liable under the habitability statute.  *See* Md. Code Ann., Real Prop. § 8-212(h)(1) (explaining it is a defense to habitability claim if tenant "caused the asserted defects or conditions").  Plaintiff's lack of specificity as to when or how the alleged defects were caused casts another shadow of doubt on her Amended Complaint as a whole and further support the dismissal of her habitability claim.

**C.**     **Count III (CDCA Violation) Must Be Dismissed Because Defendant Operating Company Was Not Required to Hold a Debt Collector License to Collect Debts in its Own Name and Defendant Operating Company Was Not Prohibited From Rent Collection During Periods of Tenant Complaints.**

Plaintiff's CDCA claim (Count III) is centered on allegations that Defendant Operating Company engaged in "unlicensed debt collection activity" when it "collects or attempts to collect consumer debts owed to" Defendant Property Company or Defendant OneWall.  Amend. Compl. ¶¶ 74-75, 77.  Plaintiff elsewhere alleges in her Complaint that "Defendants operate as a joint enterprise with respect to the operations of Heather Hill."  *Id.* ¶ 13.  Taking Plaintiff's allegations as true, as the Court must on consideration of a motion to dismiss, because Defendants operate as

a joint enterprise, and because the only debt collection activities were to collect debts for that joint enterprise, as opposed to the debts of an ancillary third-party, a debt collection license was not required for Defendant Operating Company under the Maryland Collection Agency Licensing Act ("MCALA").[4]

MCALA's statutory scheme is limited to those collecting debt on behalf of another party. Under MCALA, the term "collection agency" includes "a person who engages directly or indirectly in the business of . . . collecting for, or soliciting from another, a consumer claim." Md. Code Bus. Reg. § 7-101(c)(1)(i). MCALA further provides that "a person must have a license whenever the person does business as a collection agency in the State." Md. Code Bus. Reg. § 7-301(a). Maryland courts and federal courts applying Maryland law have made clear that a collection agency does not include those who collect their own debts or whose primary business is something other than debt collection. Here, the Amended Complaint alleges that Defendant Property Company is the owner of Heather Hill by OneWall, Defendant Operating Company is the master lessee and property manager of Heather Hill by OneWall, and OneWall directs and controls both Defendants Operating Company and Defendant Property Company. Amend. Compl. ¶¶ 10-12. The Amended Complaint makes no allegation that any Defendant is a debt collector. By the Amended Complaint's own allegations, Defendant Operating Company was simply collecting its own debts and was not primarily engaged in the business of debt collection and therefore did not require a MCALA debt collection license.

In *Old Republic Ins. Co. v. Gordon*, 228 Md. App. 1 (2016), the Court explained that the MCALA "collection agency" definition at issue here only applies to "businesses that collect[]

---

[4] Defendants do not by this argument, which is premised on Plaintiff's Complaint allegations, claim or concede that Defendants are not separately formed and distinct corporate entities, although affiliates of each other.

debt owed to another person" and that MCALA "does not require licensing for businesses that only collect their ***own*** consumer debts." *Id.* at 16 (emphasis added).[5]  Following *Old Republic*, Judge Chuang of this Court in *Young-Bey v. S. Mgmt. Corp., Inc.*, No. CV TDC-18-2331, 2018 WL 4922349, *2 (D. Md. Oct. 10, 2018), denied a tenant's motion for a preliminary injunction against a property management company's allegedly unlawful debt collection efforts.  This Court held that the tenant failed to establish a likelihood of success on the merits of his debt collection claim under the CDCA, and other statutes, because the property management company "likely does not qualify as a collection agency required to have a license under Maryland law," since it "is listed on the lease and its primary line of business is managing the apartment complex."  *Id.*

Here, as in *Young-Bey*, Defendant Operating Company is alleged to be the property manager.  Amend. Compl. ¶ 11.  And, like in *Young-Bey*, Defendant Operating Company's alleged primary business is managing the apartment complex.  *Id.*  As this Court articulated in *Ramsay v. Sawyer Prop. Mgmt. of Maryland, LLC*, "the mere fact that [Defendant] is a property management company does not mean it is required to have a collection agency license," under Maryland law.  948 F. Supp. 2d 525, 536 (D. Md. 2013), *aff'd*, 593 F. App'x 204 (4th Cir. 2014).  Thus, because Defendant Operating Company, as a property manager collecting its own debts

---

[5] The Court in *Old Republic* analyzed the meaning of a second definition of "collection agency," added in 2007.  *Old Republic Ins. Co.*, 228 Md. App. at 17 ("In 2007, the General Assembly amended the definition of 'collection agency,' adding the language at issue here, i.e., a person who engages in the business of 'collecting a consumer claim the person owns, if the claim was in default when the person acquired it.' BR § 7–101(c)(1)(ii). The question here is whether this new language makes Old Republic a collection agency.").  The Court in *Old Republic* concluded that the 2007 addition was designed to reach "debt purchasers" or "people who purchased defaulted accounts receivable at a discount."  *Id.* at 21.  In this case, there is no allegation that any Defendant is a debt purchaser or that Defendants have purchased Plaintiff's unpaid rent at a discount.  Rather, Defendants are in the business of owning and operating Heather Hill by OneWall and are seeking to collect rent for themselves, and thus are not required to have a debt collection license.

did not require a debt collection license, Plaintiff has failed to state a claim for a CDCA violation on this basis.

Plaintiff also appears to allege that Defendant Operating Company violated the CDCA by engaging in conduct that violates the Federal Fair Debt Collection Practices Act ("FDCA"). Amend. Compl. ¶ 74.  But, even under that statute, collecting debts in one's own name does not make an entity a collection agency required to be licensed.  *See Ramsay* 948 F. Supp. 2d at 536 (dismissing Plaintiff's claim arising under the related Federal Fair Debt Collection Practices Act because "the mere fact that [Defendant] is a property management company does not mean it is required to have a collection agency license" under Maryland law, explaining property management company was collecting debts in its own name); *Hart v. Pac. Rehab of Maryland, P.A.*, No. CV ELH-12-2608, 2013 WL 5212309, at *14 (D. Md. Sept. 13, 2013) (explaining that the FDCA statute was "intended to thwart abusive and deceptive debt collection practices" and holding that "a creditor seeking to recover on its own debt . . . does not qualify as a debt collector under the FDCPA," particularly where the debtor was aware of the entity collecting the debt and could not have believed that it was a third party); *Armstead v. Feldman*, No. CV TDC-19-0614, 2020 WL 4753837, at *5 (D. Md. Aug. 17, 2020) (dismissing FDCPA claim because the defendant was "attempting to collect on a debt it originated" and therefore was not a "'debt collector' under the FDCPA"); *Mitchell v. Brock & Scott, PLLC*, No. 19-CV-02225-LKG, 2022 WL 3290710, at *7-8 (D. Md. Aug. 11, 2022) (concluding Plaintiff cannot prevail on FDCPA claims because, *inter alia*, defendant was not a debt collector since its collection activities were "for its own account.").  Thus, Plaintiff has also failed to state a CDCA claim on the purported basis of violation of the FDCA.

Plaintiff further appears to allege a CDCA claim based on Defendant Operating Company's alleged rent collection activities while the property was supposedly uninhabitable. Amend. Compl. ¶¶ 77-79.  However, this too does not violate the CDCA's prohibition against collectors attempting to collect debts "with knowledge that the right does not exist."  Md. Code Ann., Com. Law § 14-202(8).  Maryland's habitability statute expressly permits tenants facing uninhabitable conditions to refuse to pay rent or to bring rent escrow actions to pay rent into court, Md. Code Ann., Real Prop. § 8-211(h).  The statute does not prohibit landlords from attempting to collect rent due to uninhabitability complaints.  Because rent collection is not expressly outlawed in the face of uninhabitability allegations, Defendant Operating Company was not attempting to collect rent "with knowledge that the right does not exist," and therefore could not be liable under the CDCA on that basis either.

In light of the above, Plaintiff's Amended Complaint lacks any basis to sustain her CDCA claim.

> **D.    Count IV (Negligence) Must Be Dismissed Because Plaintiff Has Failed to Sufficiently Plead Notice, Opportunity to Cure, and Proximate Cause, and Plaintiff's Negligence Claim is Barred as Duplicative of Her Contract Claim.**

Like her inadequate breach of implied warranty of habitability claim (Count II), Plaintiff has similarly failed to allege a negligence claim because she has not pled facts sufficient to assert that Defendants had notice of the alleged maintenance issues or a reasonable opportunity to cure them.  *Richwind* confirms that **both** alleged *notice* and an *opportunity to cure* are required to state a claim for negligence.  *Richwind*, 335 Md. at 673.  The Court explained, "the common law of this State provides that a landlord is not liable for a defective condition on the property unless the landlord either knows or has reason to know of the condition and has a reasonable opportunity to correct it."  *Id.*  Although Plaintiff asserted generic notice allegations in her Amended Complaint regarding maintenance requests and Defendants' alleged failure to address

them, *see, e.g.*, Amend. Compl. ¶¶ 44-45, she has failed to identify any facts concerning the who,

what, when, where, and how of the notice allegedly provided for each condition of which she

complains. Such non-specific allegations are insufficient to state a claim for negligence. *Forest*

*Lab'ys, LLC*, No. CV ELH-14-2535, 2024 WL 4544567, at *15 ("[M]ere 'naked assertions' of

wrongdoing' are generally insufficient to state a claim for relief.") (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 556 (2007)).

Similarly, Plaintiff's allegations are lacking specificity as to causation. For example, and

as noted above, while Plaintiff points to structural habitability issues, including "broken patio

doors," Amend. Compl. ¶ 38, she does not allege when or how those alleged defects occurred.

Proximate cause must be alleged to state a negligence claim. *Davis v. Regency Lane, LLC*, 249

Md. App. 187, 215 (2021). Proximate cause requires both: "1) a cause in fact, and 2) a legally

cognizable cause.'" *Id.* "Causation-in-fact concerns the threshold inquiry of whether a

defendant's conduct actually produced an injury." *Id.* Because of Plaintiff's conclusory

allegations, there is doubt as to whether Defendants' conduct actually caused at least some of

Plaintiff's alleged apartment issues. Thus, Plaintiff's lack of specificity on causation further

bolsters the dismissal of her negligence claim.

Moreover, Plaintiff's breach of negligence claim is barred because it is premised on the

same factual allegations as Plaintiff's breach of contract claim. On both claims, Plaintiff alleges

that Defendants failed to meet the requirements of the Prince George's County Code by failing to

properly maintain the apartments at Heather Hill by OneWall. *Compare* Amend. Compl. ¶ 89

(negligence claim) (alleging Defendants were negligent in violating code provisions

"establishing minimum property maintenance standards") *with* Amend. Compl. ¶ 98 (breach of

contract claim) (Defendant Property Company breached code provisions requiring an express warranty of habitability in leases because it failed to "maintain premises in habitable condition").

However, "when the dispute is over the existence of any valid contractual obligation covering a particular matter, or where the defendant has failed to recognize or undertake any contractual obligation whatsoever, the plaintiff is ordinarily limited to a breach of contract remedy." *Mesmer v. Maryland Auto. Ins. Fund*, 353 Md. 241, 254 (1999); *see also Worden v. 3203 Farmington LLC*, No. 1373, Sept. Term, 2021, 2023 WL 4945171, at *6 (Md. Ct. Spec. App. Aug. 3, 2023) (affirming dismissal of negligence claim because landlords did not owe tenants a duty of care "independent of lease agreement" where tenants' negligence claim was based on failure to maintain premises in safe, habitable manner, which is contractual). Because Plaintiff is alleging negligence based on Defendants' purported failure to comply with a contractual code provision requiring proper property maintenance she is, in reality, raising a breach of contract claim. Thus, dismissal of Plaintiff's negligence claim is appropriate as it is identical to Plaintiff's alleged breach of contract theory, requiring Plaintiff to proceed in breach of contract.

### E.     Plaintiff's Relief Requests Cannot Stand.

Finally, although Defendants do not concede that any of Plaintiff's requests for relief can be substantiated on Plaintiff's allegations, some of Plaintiff's relief requests are wholly lacking in any basis in law or fact that they must be dismissed. For example, Plaintiff's requests for relocation assistance funds and alternative housing costs, Amend. Compl., p. 24, ¶ G, are unsupported by Plaintiff's factual allegations, even if proven. Plaintiff's Amended Complaint is devoid of any allegation that she moved or relocated, rendering her relief request for such costs baseless. *See Twombly*, 550 U.S. at 555. Likewise, it is well-established that "[p]unitive damages may be awarded *only if* a plaintiff proves at trial malice, ill will, or intent to injure."

*Exxon Mobil Corp. v. Albright*, 433 Md. 303, 348 (2013) (emphasis added); *Hoffman v. United Iron & Metal Co.*, 108 Md. App. 117, 146 (1996) ("[A]ctual malice must exist in order for punitive damages to be awarded."); *Owens-Illinois, Inc. v. Zenobia*, 325 Md. 420, 454 (1992) ("[P]unitive damages are awarded in an attempt to punish a defendant whose conduct is characterized by evil motive, intent to injure, or fraud, and to warn others contemplating similar conduct of the serious risk of monetary liability.").  Yet, Plaintiff's Amended Complaint lacks any allegations regarding malice, ill-will, or intent to injure by Defendants necessary to support a punitive damages award.  Accordingly, this Court must dismiss Plaintiff's unsubstantiated relief requests.

## VI.      CONCLUSION

For all the foregoing reasons, Defendants' Motion to Dismiss should be granted with prejudice.

Dated: March 4, 2025                    Respectfully submitted,

*/s/ Hugh J. Marbury*
Hugh J. Marbury (Bar No. 24652)
COZEN O'CONNOR
2001 M Street, NW, Suite 500
Washington, DC 20036
Tel: (202) 747-0781
Fax: (202) 599-7715
hmarbury@cozen.com

Nicole H. Sprinzen (Bar No. 15900)
Tel: (202) 471-3451
Fax: (202) 499-2941
nsprinzen@cozen.com

Samantha Stratford (*admission pending*)
Tel: (202) 280-6488
Fax: (202) 640-5954
sstratford@cozen.com

Deanna Clayton (*admission pending*)
Tel: (202) 463-2526
Fax: (202) 742-2524
dclayton@cozen.com

*Counsel for Defendants Heather Hill
Property Company LLC, Heather Hill
Operating Company LLC, and OneWall
Communities LLC*